UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRIEK S. COLE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-02608-TWP-DLP |
| R. GODFREY Correctional Offc., | ) |
| P. PARROW Correctional Captain, | ) |
| SHANNON MCCORD Nurse, | ) |
| Defendants. | ) |

**ENTRY**

The plaintiff's motion to reconsider, dkt. [11], is **granted in part and denied in part,** as explained in this Entry.

The plaintiff's motion to reconsider is granted to the extent that the plaintiff states that instead of alleging that on June 20, 2018, he ended a 30 day hunger strike, his allegation is that on that date he ended a 30 day "fast" for a religious observation. Dkt. 1 at 3. This correction is acknowledged.

The plaintiff also asks the Court to reconsider its dismissal of the claim against Wendy Knight. He argues that Wendy Knight had received two other prior complaints about Officer Godfrey but failed to terminate the officer's employment.

The Court has considered whether the plaintiff has stated a failure to protect claim against Wendy Knight. The Eighth Amendment's Cruel and Unusual Punishment Clause "imposes upon prison officials the duty to 'take reasonable measures to guarantee the safety of the inmates.'" *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (quoting *Farmer v Brennan,* 511 U.S. 825, 832 (1994)). To state a failure to protect claim, a plaintiff must allege that he was 1) "incarcerated

under conditions posing a substantial risk of serious harm, and 2) defendant-officials acted with deliberate indifference to that risk." *Id.* (internal quotations omitted). As to the first component, substantial risks are those that are "so great that they are almost certain to materialize if nothing is done." *Id.* at 911. (internal quotation omitted). The second component requires a defendant to know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 913.

For the claim against Wendy Knight, the complaint alleges that:

Officer Godfrey had a black eye on the incident date, he is currently going through a divorce which links to his recent history of violence toward inmates: Derrick Baker 2/11/2018 and Michael Burnett. Mrs. Wendy Knight has been informed of these incidents. I wrote her and she launched an II investigation.

Dkt. 1 at 4.

The plaintiff's allegation that Wendy Knight was informed of two prior incidents of violence, one that occurred six months earlier and one at some other unspecified time, even if taken at face value as alleged violent acts by Officer Godfrey against other inmates, does not state that Wendy Knight failed to take reasonable action at those times. Termination of employment is not the only reasonable way in which the prior complaints may have been addressed. The allegation that relates to the plaintiff is that after he complained about Officer Godfrey's use of force, Wendy Knight launched an investigation. In sum, the plaintiff has not alleged sufficient facts to warrant an inference that he was at a substantial risk of harm of which Wendy Knight was aware. The plaintiff's motion to reconsider is denied with respect to the Court's dismissal of the claim against Wendy Knight.

**SO ORDERED**.

Date: 9/18/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TYRIEK S. COLE
257050
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only